**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-01634-NYW

ERNESTO ROQUE LEYVA,

      Petitioner,

v.

KELEI WALKER, in her official capacity,
MARKWAYNE MULLIN, in his official capacity
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE, in his official capacity,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
JUAN BALTAZAR, in his official capacity,[1]

      Respondents.

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (the "Petition"). [Doc. 1]. Respondents filed a consolidated response in opposition, [Doc. 7], and Petitioner replied, [Doc. 8]. For the reasons set forth in this Order, the Petition is respectfully **DENIED**.

**BACKGROUND**

Petitioner Ernesto Roque Leyva ("Petitioner" or "Mr. Roque Leyva") is a citizen of Cuba who has resided in the United States since 2021. [Doc. 1 at ¶¶ 1, 30]. He was apprehended by Immigration and Customs Enforcement ("ICE") in July of 2021 and shortly thereafter released on his own recognizance. [*Id.* at ¶¶ 2, 30]. Four years later,

---

[1] Juan Baltazar is automatically substituted as a Respondent, in his official capacity, for Dawn Ceja pursuant to Fed. R. Civ. P. 25(d).

in September of 2025, Mr. Roque Leyva was detained by ICE following a domestic dispute (for which charges were later dropped) and transferred to the GEO-ICE Aurora Detention Center.  [*Id.* at ¶¶ 4, 32].  Mr. Roque Leyva's removal proceedings were then re-calendared, and on January 12, 2026, the immigration judge granted the Department of Homeland Security's ("DHS") motion to pretermit based on an Asylum Cooperative Agreement with Ecuador and "ordered [Mr. Roque Leyva] removed to Ecuador."  [*Id.* at ¶ 5; *id.* at 41–43].  Mr. Roque Leyva then moved for reconsideration, which was denied on February 4, 2026.  [*Id.* at ¶ 5].  Mr. Roque Leyva continues to be detained at the Detention Facility in Aurora, Colorado.  [*Id.* at ¶¶ 6, 16].

In the Petition, Mr. Roque Leyva brings three claims for relief:  (1) violation of the Immigration and Nationality Act (the "INA"), [*id.* at ¶¶ 66–67]; (2) unconstitutional denial of substantive due process under the Fifth Amendment, [*id.* at ¶¶ 68–69], and (3) unconstitutional denial of procedural due process under the Fifth Amendment, [*id.* at ¶¶ 70–76].  Mr. Roque Leyva asks this Court to, among other things, issue a writ of habeas corpus requiring Respondents to release him immediately or provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a).  [*Id.* at 23].  He also asks for "attorney's fees and costs under the Equal Access to Justice Act."  [*Id.*].

### LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484

(1973).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

### I.    Detention of Noncitizens

The Government purports to detain Petitioner under 8 U.S.C. § 1231.  [Doc. 7 at 7].  While Petitioner makes arguments in his Petition that he is actually detained under 8 U.S.C. § 1226(a), *see* [Doc. 1 at ¶¶ 11–13, 55, 62]; *see also* [*id.* at 23 (requesting, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a))], he acknowledges that he is subject to a removal order, [*id.* at ¶¶ 5, 24, 33], and argues that his detention "violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*," [*id.* at ¶ 67].  In his Reply, Mr. Roque Leyva does not dispute Respondents' arguments that he is subject to a final order of removal and therefore detained under § 1231.  *See* [Doc. 8].  Because there is no dispute that Mr. Roque Leyva is subject to a final order of removal, this Court agrees that Petitioner is currently detained under 8 U.S.C. § 1231.  *See Singh v. Blanche*, No. 26-cv-00601-PAB, 2026 WL 936371, at *3 (D. Colo. Apr. 7, 2026) ("Because petitioner has a final order of removal, petitioner is detained under 8 U.S.C. § 1231(a), rather than 8 U.S.C §§ 1225 or 1226." (citing *Munoz Teran v. Bondi*, 2026 WL 161527, at *6 (D.N.M. Jan. 21, 2026) ("Once an order of removal has become final, the authority governing a noncitizen's detention shifts [from §§ 1225 or 1226] to another statutory provision, 8 U.S.C. § 1231(a)(2)."))).

Generally, when a noncitizen is ordered removed from the United States, the removal "shall" occur within the next 90 days—the "removal period."   8 U.S.C.

3

§ 1231(a)(1); *Morales-Fernandez v. Immigr. & Naturalization Serv.*, 418 F.3d 1116, 1123 (10th Cir. 2005).    Detention is mandatory during the removal period, 8 U.S.C. § 1231(a)(2)(A), but once the removal period expires, the noncitizen "*may*" be detained, *id.* § 1231(a)(6) (emphasis added).    The Supreme Court has recognized that this permissive language "suggests discretion," but "does not necessarily suggest unlimited discretion."    *Zadvydas*, 533 U.S. at 697.    Indeed, "read in light of the Constitution's demands," section 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."    *Id.* at 689.    In *Zadvydas*, the Court explained that

> [a] statute permitting indefinite detention of an alien would raise a serious constitutional problem.  The Fifth Amendment's Due Process Clause forbids the Government to "depriv[e]" any "person . . . of . . . liberty . . . without due process of law."  Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.

*Id.* at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).  Finding "nothing in the history of these statutes that clearly demonstrates a congressional intent to authorize indefinite, perhaps permanent, detention," the *Zadvydas* Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  *Id.* at 699.

The Court did recognize, however, a presumptively reasonable six-month detention period.  *Id.* at 701.  "After this 6-month period," if the noncitizen demonstrates "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*  The Supreme Court explained that a six-month presumptive period does not mean that every noncitizen detained for six months must be released; rather, a

noncitizen may remain in detention "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* But "if the government fails to demonstrate a significant likelihood of removal in the reasonably foreseeable future, the noncitizen must be released." *Ahrach v. Baltazar*, No. 25-cv-03195-PAB, 2025 WL 3227529, at *2 (D. Colo. Nov. 19, 2025) (citing *Zadvydas*, 533 U.S. at 701).

## II.    Petitioner's Detention

Mr. Roque Leyva argues that because he has been in detention since September 3, 2025, i.e. "for over seven months total" at the time of the Petition, the "90-day statutory removal period and 6-month prolonged detention periods have expired." [Doc. 1 at ¶¶ 4, 67]. And because "his removal to Ecuador is not significantly likely to occur in the reasonably foreseeable future," Mr. Roque Leyva argues that his continued detention is unlawful. [*Id.* at ¶ 67]. Respondents counter that while it is true that Mr. Roque Leyva has been in detention since September 3, 2025, his detention pursuant to 8 U.S.C. § 1231 only began on February 11, 2026, when his order of removal became administratively final. [Doc. 7 at 7]. They argue that Petitioner is properly detained pursuant to § 1231, because at the time that the Petition was filed, Petitioner's "post-removal order detention ha[d] not exceed either the 90-day statutory removal period mandated by Congress, nor the six-month presumptively reasonable period established by *Zadvydas*." [*Id.*]. The Court respectfully agrees with Respondents.

Mr. Roque Leyva acknowledges that the immigration judge issued a removal order on January 12, 2026, [Doc. 1 at ¶ 5], and he does not allege that he filed an appeal. That means that his removal order became administratively final on February 11, 2026. *See* [Doc. 7 at 9 (citing 8 C.F.R § 1003.38(b) and 8 U.S.C. § 1101(a)(47)(B)(ii))]; *see also*

*Arguello v. Mullin*, No. 25-4140, 2026 WL 1724533, at *1 (10th Cir. June 15, 2026) (where petitioner did not appeal the immigration court's removal order within 30 days, the removal order became "final and enforceable" (collecting authorities)).

Because Mr. Roque Leyva filed the Petition on April 16, 2026, only about 64 days after the removal order became final, his request for relief is premature. Section 1231 specifies that "[t]he [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Courts in this District and elsewhere have repeatedly held that "[t]he removal period runs from the time the removal order becomes administratively final *and not from the time the noncitizen is taken into custody*." *Mehdipour v. Baltazar*, No. 26-cv-02499-CNS, 2026 WL 1745681, at *2 (D. Colo. June 17, 2026) (emphasis added) (quoting *Gregorio Ordoñez v. Bondi*, No. 2:25-cv-02356-JHC-TLF, 2025 WL 3852444, at *6 (W.D. Wash. Dec. 19, 2025), *recommendation adopted*, 2026 WL 30022 (W.D. Wash. Jan. 5, 2026)); *see also, e.g.*, *Singh*, 2026 WL 936371, at *3 (denying habeas petition where petitioner's removal order only recently became final and thus he was within the 90-day removal period, even though petitioner had previously been detained for 17 months while removal proceedings were pending).

Moreover, as Respondents note, Mr. Roque Leyva's detention is currently within the presumptively reasonable six-month period under *Zadvydas*. [Doc. 7 at 11–12]. Under *Zadvydas*, Petitioner's detention is presumptively reasonable until August 11, 2026. [*Id.*]; *see Santiago Ocanto v. Walker*, No. 26-cv-01730-RMR, 2026 WL 1374207, at *3 (D. Colo. May 15, 2026) (ruling that even though petitioner had been detained for over six months in total, his petition for habeas relief was "premature" where detention

6

was within the presumptively reasonable six-month period following a final order of removal).

Accordingly, because Mr. Roque Leyva is properly detained under 8 U.S.C. § 1231, and he has not been detained beyond the presumptively reasonable period defined by the Supreme Court, Mr. Roque Leyva cannot currently show a violation of the INA or his substantive or procedural due process rights.  *See* [Doc. 1 at ¶¶ 66–76].

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Doc. 1] is **DENIED without prejudice**; and

(2)    The Order [Doc. 4] pursuant to the All Writs Act is **VACATED**.

DATED:  July 21, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

7